MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CABN 152348)
Chief, Civil Division
MICHAEL T. PYLE (CSBN 172954)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5087
FAX: (408) 535-5081
michael.t.pyle@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

REQUEST FROM SOUTH KOREAN COURT ) MISC. NO. CV 15 80103 MISC
FOR INFORMATION FROM TWITTER, INC. )
) APPLICATION AND MEMORANDUM FOR
YOUNG-SHIN PARK V. DO-HYUN SUNG, ) ORDER PURSUANT TO 28 U.S.C. § 1782
SEONGAM BRANCH OF SUWON )
DISTRICT COURT, REPUBLIC OF KOREA )
)
_____ )

Pursuant to 28 U.S.C. Section 1782, and the request from a South Korean Court for information from Twitter, Inc. ("Twitter"), the United States of America petitions this Court to sign the accompanying proposed order. Twitter does not oppose this application.

United States District Courts are empowered by 28 U.S.C. § 1782 to subpoena witnesses and compel the production of documents on behalf of foreign and international tribunals. In this case, a South Korean Court requests the United States to obtain information from Twitter, whose main office is in San Francisco, California, and thus located within the jurisdiction of this court. The South Korean court seeks e-mail addresses and the identity of an IP address from which a specified Twitter account owner was connected when tweets were posted on November 16, 2011. The plaintiff in the underlying case pending in South Korea apparently seeks this information for use in a case alleging that the tweets libeled the plaintiff. It does not appear that the South Korean court seeks the content of any communications. *See* Declaration of Michael T. Pyle, Exhibit A (letter to Twitter enclosing requests from South Korean Court). As set forth in the accompanying proposed order, Twitter and the United

MISC. NO.
APPLICATION AND MEMORANDUM FOR ORDER PURSUANT TO 28 U.S.C. § 1782
1

States have negotiated a mutually acceptable procedure to handle the South Korean court's request in this particular case.

The authority of this Court to order the production of evidence for use in a proceeding in a foreign country is set forth in 28 U.S.C. § 1782, which provides that

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has the power to administer any necessary oath and take the testimony or statement.

28 U.S.C. § 1782(a).

The proper criteria for determining whether the court should exercise its discretion in favor of assisting a foreign tribunal are outlined in *In Re Request for Judicial Assistance from the Seoul District Criminal Court*, 555 F.2d 720 (9th Cir. 1977):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal. This court also has held that the investigation in connection with which the request is made must relate to a judicial or quasi judicial controversy.

*Seoul District Criminal Court*, 555 F.2d at 723 (citation omitted).

The letter of request of in this case shows that the information sought is for use in such proceedings in South Korea and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Toyko District, Toyko, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, the United States asks this Court to honor the request for assistance.

The reception of letters rogatory and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Tokyo Dist.*, 539 F.2d at 1220.

MISC. NO.
APPLICATION AND MEMORANDUM FOR ORDER PURSUANT TO 28 U.S.C. § 1782

However, the United States has served Twitter with this application and supporting papers, and Twitter does not object to the relief requested therein. As described in the proposed order, Twitter will provide notice of the subpoena to the Twitter account holder about whom information is sought to afford that person with the opportunity to file an objection or motion to quash in this action.

WHEREFORE, the United States respectfully requests this Court to issue the accompanying proposed order.

DATED: March 30, 2015

Respectfully submitted,

MELINDA L. HAAG
United States Attorney

/s/ Michael T. Pyle

By: _____
MICHAEL T. PYLE
Assistant United States Attorney

MISC. NO.
APPLICATION AND MEMORANDUM FOR ORDER PURSUANT TO 28 U.S.C. § 1782
3